## Chicago Virden Coal Company v. Samuel H. Rucker.

1. EVIDENCE—*what immaterial, in action for personal injuries instituted under Miners Act.* Held in this case that it was improper to overrule an objection to a question by the plaintiff asking where the miners obtained the powder used by them in blasting.

2. EVIDENCE—*what incompetent, in action for personal injuries instituted under Miners Act.* It is improper to permit a witness to testify that blow-out shots were not uncommon occurrences in the particular mine involved in the suit.

3. INSTRUCTION—*when, upon right of recovery not free from criticism.* An instruction which tells the jury that if they find from the evidence that the plaintiff has proven his case as alleged in any count of the declaration by a preponderance of the evidence, then they shall find the defendant guilty, though frequently approved, has latterly been subjected to some criticism.

4. INSTRUCTION—*when giving of, which contains abstract proposition of law, erroneous.* The giving of an instruction which copies a particular section of the Miners Act and which does not apply the same concretely to the case, held misleading, and therefore erroneous.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed October 14, 1904.

CONKLING & IRWIN and SHUTT & GRAHAM, for appellant.

D CKSON & BLOOMINGSTON, for appellee; J. A. BLOOMINGSTON, of counsel.

MR. JUSTICE GEST delivered the opinion of the court.

This is an action on the case by appellee, Rucker, against the appellant company for personal injuries by him received while employed by defendant as a miner in its coal mine near Auburn.

There are two counts in the declaration. The first is a common-law count for failure to use reasonable care to furnish plaintiff with a reasonably safe place to work; the second count is based upon the statute regulating the manner of operating coal mines. Defendant pleaded the general issue, trial was had by a jury, verdict was rendered for plaintiff for $7,500 and judgment thereon was entered after overruling defendant's motion for a new trial.

It is urged, first, that there was error in the admission of evidence for plaintiff over the objection of defendant, and our attention is called to several questions and answers. The witness McGinniss was asked where the miners obtained the powder used by them in blasting. The objection ought to have been sustained; it was entirely immaterial. The same witness was allowed to testify that blown-out shots were not uncommon occurrences in that mine; the objection should have been sustained. Some other answers were made over objections but we perceive no error in their allowance so far as they have been pointed out by counsel. We may properly say here that it is not the duty of this court to read laboriously through twenty pages of a witness' testimony to find what counsel object to, as we have done in this instance.

Second. It is claimed that the court improperly refused to allow certain testimony offered to be given from the witnesses Kincaid and Lukens. The court committed no error in that respect. The evidence offered was irrelevant to the issue in this cause.

Third. Defendant asked the court to instruct the jury to find for the defendant, which the court refused to do. If the court had so instructed and the jury so found in compliance with the instruction, this court, on application by the plaintiff, would have reversed and remanded the cause.

Fourth. It is contended that instructions given for plaintiff were erroneous and that instructions offered by defendant were improperly refused. The only instruction asked by defendant and refused was the one above mentioned directing the jury to find for the defendant. The first in-

Chicago Virden Coal Co. v. Rucker.

struction given for plaintiff tells the jury that if they find from the evidence that the plaintiff has proven his case as alleged in any count of the declaration, by a preponderance of the evidence, then they shall find the defendant guilty. This instruction has been approved quite frequently, but latterly has been treated with some disfavor. It was not error to give it. We find no error in instructions three and four. Instruction two reads as follows: " The jury are instructed that the statutes of this state require that ' in case the galleries, roadways or entries of any mine are so dry that the air becomes charged with dust, the oper- ator of such mine must have such roadway regularly and thoroughly sprayed, sprinkled or cleaned, and it shall be the duty of the inspector to see that all possible precau- tions are taken against the occurrence of explosions which may be occasioned or aggravated by the presence of dust.' " This instruction is a copy of paragraph " G " of section 20 of chapter 93 of the statutes in relation to coal mines. It is a mere abstract statement of law. No application is made of it in this or any instruction. Such instructions are generally vicious. In some cases where they are given, the judgment is allowed to stand notwithstanding, because, as is said, it can be seen that no injury thereby arose. We cannot so say in this case. The particular vice of the instruction is contained in the last sentence, be- ginning with the words, " and it shall be the duty of the inspector." No instruction tells the jury whose officer or agent the inspector is; the jury are left to form their own conclusion on that subject as best they may; the natural inference to be drawn from a reading of the instruction is that he is the agent, the employee, of the defendant, for whose neglect of duty the defendant would be liable; whereas in fact he is an officer of the state, certified by the state, paid by the state, and in no sense, whatever, an agent of the defendant. The jury are told that it is the duty of the inspector to see that all possible precautions are taken against the occurrence of explosions; that is, that it is the duty of the defendant to take all possible precautions so to

prevent. It is difficult to see how a more vicious instruction could be devised for this case. No instruction given cures the mischief contained in this. It is altogether possible that the verdict would have been rendered if that instruction had not been given, but we cannot in this case so determine.

It is also urged that the verdict is against the weight of the evidence. In our judgment, so far as we are able to form a judgment from the printed words before us, the verdict is sustained by the evidence in this record, and, but for the error in the second instruction, this judgment would be affirmed. When counsel ignore the oft-repeated rulings of the courts relative to such instructions and ask them from the trial judge, burdened as he is with all the business before the court, and ofttimes having scant time for its careful disposition, their clients must bear the consequences.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*